UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTY J. DOWNING,

    Plaintiff,

v.

                                      Case No. 10-11037

LIFE TIME FITNESS,

                                      Honorable Patrick J. Duggan

    Defendant.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 8, 2010.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

**I. Factual and Procedural Background**

On November 20, 2009, Kristy J. Downing ("Plaintiff") filed an action against Life Time Fitness ("Defendant") in the State of Michigan's 35th District Court Small Claims Division. Plaintiff later filed a Demand for Removal to have the case moved to the 35th District Court's General Civil Division on January 4, 2010. On January 7, 2010, Plaintiff filed a motion seeking leave to amend her original Complaint and at that same time "filed" with the court her proposed Amended Complaint. In the proposed Amended Complaint, Plaintiff sought to add a claim arising under the Civil Rights Act of 1866 (42 U.S.C. § 1981). Plaintiff provided Defendant with a copy of the proposed Amended Complaint, but not the motion to amend. Defendant submitted an Answer to the proposed

Amended Complaint on January 19, 2010.

On February 17, 2010, the 35th District Court held a hearing on the Motion to Amend and granted the motion. Plaintiff's Amended Complaint and Defendant's Answer were formally filed on February 17, 2010. (*See* Def.'s Resp. to Mot. to Remand Ex. F.)

On February 26, 2010, the 35th District Court heard oral argument on a motion for an injunction against Defendant. During the argument, the judge explained that the court did not have jurisdiction to provide the relief sought and suggested that the case be removed to circuit court. On the same day, the judge entered an order removing the case to the Wayne County Circuit Court.

On March 4, 2010, Plaintiff re-filed her motion for injunctive relief. On March 15, 2010, Defendant removed the case from the Wayne County Circuit Court to this Court on grounds that Plaintiff's Amended Complaint presents a federal question.

On March 28, 2010, Plaintiff filed the instant Motion to Remand on the grounds that Defendant's removal of this matter was untimely under 28 U.S.C. § 1446. On April 9, 2010, Plaintiff filed a Motion for Leave to Amend Complaint. On April 18, 2010, Plaintiff filed a separate Motion for Sanctions and Attorney's Fees, requesting sanctions based on the allegedly untimely removal. The motions for remand and sanctions have now been fully briefed. Defendant failed to respond to the motion to amend. The Court heard oral argument on all three motions on July 7, 2010.

**II. Timeliness of Defendant's Removal**

Plaintiff argues that Defendant failed to remove this matter within 30 days of the

filing of the Amended Complaint on January 7, 2010, as required in 28 U.S.C. § 1446.

Although Plaintiff did not provide Defendant with her motion to amend at that time, she did provide Defendant a copy of the Amended Complaint. Plaintiff contends that Defendant's Answer on January 19, 2010, demonstrates that Defendant knew about the possibility of a federal claim at or before that date. For this reason, Plaintiff argues that the 30-day period for removal commenced on January 19, 2010.[1] Thus, according to Plaintiff, Defendant filed its Notice of Removal on March 15, 2010, well after the 30-day removal period had expired.

Defendant maintains, however, that the 30-day removal period commenced only when Plaintiff's Amended Complaint became effective. Defendant argues that Plaintiff's Amended Complaint was not effective when first handed to the clerk of Michigan's 35th District Court, but only after the district court judge granted Plaintiff leave to file the Amended Complaint on February 17, 2010.

To amend pleadings in Michigan Courts, Michigan Court Rule 2.118 provides:

(A) Amendments

(1) A party may amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party, or within 14 days after serving the pleading if it does not require a responsive pleading.

(2) Except as provided in subrule (A)(1), a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be

---

[1] In her motions, Plaintiff refers to January 18, 2010, as the date Defendant submitted an answer to the amended complaint. The docket sheet from the 35th District Court, however, lists the submission as occurring on January 19, 2010. (Def.'s Resp. to Mot. for Remand Ex. F.)

freely given when justice so requires.

The rule clearly states that, beyond the 14 days after the initial pleading or response, a party can only amend the complaint by leave of the court or with the written consent of the opposing party.[2] After the 14 days, simply handing a copy of the Amended Complaint to the court clerk does not effect an amendment. Therefore, under Michigan law, Plaintiff did not amend her complaint until the 35th District Court granted her leave on February 17, 2010.

As to removal, 28 U.S.C. § 1446(b) provides in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

Where a complaint becomes removable by way of amendment, the time limit begins to run from the actual, effective amendment of the complaint.[3] *Freeman v. Blue Ridge Paper Products, Inc.*, 551 F.3d 405, 409-10 (6th Cir. 2008); *see also Stuart v. Vill. of New Haven*, No. 09-CV-14128, 2009 WL 4065039 (E.D. Mich. Nov. 24, 2009); *May v. J.D. Candler Roofing Co., Inc.*, No. 04-74690, 2005 WL 1349110, at * 4 (E.D. Mich. May 12, 2005) (holding a defendant is not required to file its Notice of Removal upon being

---

[2]Plaintiff's claim in Small Claims Court did not require the filing of a responsive pleading. *See* Mich. Comp. Laws Ann. § 600.8404 (requiring that a small claims defendant make an appearance before a judge to answer the plaintiff's affidavit).

[3]Again, Plaintiff's attempt to "file" her amended complaint with the 35th District Court before that court granted her motion to amend did not make the amended complaint "effective" under the Michigan Court Rules.

served with a plaintiff's motion to amend). In this case, then, Defendant could not have removed until the 35th District Court granted Plaintiff leave to amend so that the amended complaint became effectively filed and the lawsuit involved a federal question claim.[4] For these reasons, Plaintiff's Motion to Remand is denied.

## III. Sanctions

28 U.S.C. § 1447(c) provides for the recovery of just costs and actual expenses due to improper removal. As discussed above, however, Defendant's removal of this action was timely and proper under 28 U.S.C. § 1446(b). Therefore, the Motion for Sanctions and Attorney's Fees is denied in relation to 28 U.S.C. § 1447(c).

Plaintiff also claims a violation of Rule 11(b) of the Federal Rules of Civil Procedure. This argument likewise lacks merit based on the fact that Defendant timely and properly removed the lawsuit to this Court. Furthermore, when a party moves for sanctions under Rule 11, he or she must do so in a motion "made separately from any other motion" and that motion must not be filed until the opposing party has 21 days to correct his or her allegedly sanctionable conduct. In this case, although Plaintiff made her motion for sanctions separately, she did not inform the Court whether she served the motion on Defendant prior to presenting it to this Court. Because Defendant's removal was proper and Plaintiff did not comply with the "safe harbor" provisions of Rule 11, the

---

[4]At the hearing on July 7, 2010, defense counsel informed the Court that, because the district court ordered the case removed to Wayne County Circuit Court on February 26, 2010, he believed it would be prudent to wait for the actual, physical transfer of the case and the corresponding assignment of a case number and judge in the Wayne County Circuit Court before filing a notice of removal from that court to the federal district court.

5

Court denies the motion for sanctions and attorney's fees.

**IV. Leave to Amend**

Finally, Plaintiff filed a motion for leave to amend her first Amended Complaint on April 9, 2010. As previously noted, Defendant failed to respond to the motion. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "the court should freely give leave when justice so requires." Having received no opposition, the Court grants the motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions and Attorney's Fees is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint is **GRANTED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copy to:
Kristy J. Downing, Esq.
Anthony J. Kostello, Esq.