UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTY J. DOWNING,

    Plaintiff,

v.

LIFE TIME FITNESS, INC.,

    Defendant.
    _____/

Case No. 10-11037

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_May 24, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

In this action, Kristy Downing ("Plaintiff") alleges that Life Time Fitness, Inc. ("Defendant") and its employees violated state and federal laws in connection with her use of Defendant's health clubs. Presently before the Court are Plaintiff's objections to Magistrate Judge Michael Hluchaniuk's protective order concerning the deposition of Sandy Schmidt. Also before the Court is Plaintiff's motion for a stay in these proceedings until her objections have been resolved. The matter has been fully briefed, and the Court heard oral arguments on May 17, 2011. For the reasons stated below, the Court rejects Plaintiff's objections to Magistrate Judge Hluchaniuk's protective order and denies as moot the motion to stay proceedings.

## I. Procedural Background

These matters arise from a discovery dispute. When listing its potential witnesses, Defendant included Sandy Schmidt, the former general manager of its health club in Canton Township, Michigan. When Plaintiff sought to depose Schmidt, she was told that Schmidt was on indefinite medical leave and would be unable to appear for deposition. Plaintiff filed a motion to compel Schmidt's deposition, and this Court referred the motion to Magistrate Judge Michael Hluchaniuk. After holding a hearing, Magistrate Judge Hluchaniuk granted the motion in part. Defendant's counsel was to submit a proposed order. A proposed order was submitted, and Plaintiff filed objections. On January 13, 2011, Magistrate Judge Hluchaniuk held a conference regarding Plaintiff's objections.

On January 18, 2011, Magistrate Judge Hluchaniuk issued an order providing:

> Defendant will produce Ms. Sandy Schmidt for deposition by February 15, 2011, to the extent that she is medically able to submit to a deposition in this matter. If she is unable to submit to a deposition by February 15, 2011 for medical reasons, counsel for the Defendant will notify the Court of this prior to February 15, 2011.

1/18/11 Order at 3. On February 3, 2011, after learning that Schmidt was not expected to be available in the near future, Defendant's counsel filed a motion for a protective order prohibiting Schmidt's deposition. Defendant's counsel provided a letter from Schmidt's doctor explaining the nature of her condition to Magistrate Judge Hluchaniuk for *in camera* review. At a hearing held on February 18, 2011, Magistrate Judge Hluchaniuk stated that after review of the doctor's letter, he found clear justification for a protective order to issue. Because Plaintiff would be unable to depose Schmidt, however, Magistrate Judge Hluchaniuk noted that Defendant should not be able to use Schmidt's testimony at

2

trial until she was made available for deposition.  Magistrate Judge Hluchaniuk issued an order on March 21, 2011 granting Defendant's motion for protective order and conditioning the use of Schmidt's testimony.  At the conclusion of his Order, Magistrate Judge Hluchaniuk advised the parties that they could object to the Order within fourteen days of service upon them.  Plaintiff filed her objections on March 31, 2011, and moved for a stay in these proceedings until her objections were resolved.

## II. Discussion

Where a party objects to a magistrate judge's nondispositive order, the Court sets aside the order if it is clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).  Federal Rule of Civil Procedure 26(c)(1)(A) allows for the entry of an order prohibiting discovery in order to protect a party from undue burden.  Magistrate Judge Hluchaniuk reviewed the letter obtained from Schmidt's doctor and found clear justification for a protective order. Magistrate Judge Hluchaniuk considered the burden that this would impose on Plaintiff, and ordered that Defendant could not use Schmidt's testimony at trial until she was made available for deposition.  The Court has reviewed the letter, and finds that Schmidt is unable to submit to deposition.  The condition relating to the use of Schmidt's testimony at trial represents a fair balancing of Plaintiff's discovery needs versus the burden that such discovery would impose.  Magistrate Judge Hluchaniuk's order was neither clearly erroneous nor contrary to law.

Plaintiff argues that "[a] concealed doctor's note does not nearly rise to the level of 'good cause' under FRCP 26(c) because Sandy Schmidt has personal knowledge of highly relevant information," citing *Boudreau v. Bouchard*, 2008 U.S. Dist. LEXIS 75611 (E.D.

3

Mich. Sep. 25, 2008).  Pl.'s Br. Supp. Mot. Stay 11.  Plaintiff's reliance on *Boudreau* is misplaced.  That case involved a claim that a person should be excused from deposition because he was a high-ranking official.  2008 U.S. Dist. LEXIS 75611 at *2.  The court held: "Depositions of high ranking officials may be permitted where the official has first-hand knowledge related to the claim being litigated . . . where it is shown that other persons cannot provide the necessary information." *Id.* at *4 (citations omitted).  The burden on the official in *Boudreau* was mere inconvenience; the case cannot be read so broadly as to require deposition of a person suffering from a severe medical condition simply because she may possess relevant information.

Plaintiff asserts that *in camera* review of a document containing private medical information is "not appropriate under HIPAA" regulations, Pl.'s Br. Supp. Mot. Stay 13, but provides no authority for this assertion.  The Court can see no reason why Plaintiff is entitled to review information related to Schmidt's medical condition.  While Schmidt's testimony may be relevant to this litigation, the medical reasons preventing her from attending a deposition are not.

### III. Conclusion

The Court has carefully reviewed Plaintiff's objections to the protective order issued by Magistrate Judge Hluchaniuk, and concludes that the objections lack merit.  Because the objections have been resolved, the Court denies as moot Plaintiff's motion to stay these proceedings.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections to Magistrate Judge Hluchaniuk's

protective order are **REJECTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Proceedings is **DENIED AS MOOT**.

                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:

Kristy J. Downing, Esq.
Anthony J. Kostello, Esq.